UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| **LORI CHAVEZ-DEREMER**, Secretary of Labor, United States Department of Labor, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: ) |
| **ST. PAUL SEAFOOD, LLC, DBA ST. PAUL FISH COMPANY**, a Wisconsin limited liability company, and **TIMOTHY COLLINS** and **MARY BETH COLLINS**, individuals, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Pursuant to Section 17 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 et seq.) ("FLSA" or "Act") Plaintiff, **Lori Chavez-DeRemer**, Secretary of Labor, United States Department of Labor, ("Secretary") brings this action to enjoin and restrain Defendants **St. Paul Seafood, LLC** d/b/a **St. Paul Fish Company** ("St. Paul Fish Company"), a Wisconsin limited liability company, and **Timothy Collins**, and **Mary Beth Collins**, individuals (collectively, "Defendants"), from violating the provisions of Sections 3(m)(2)(B), 15(a)(2) and (a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA" or the "Act"), and to recover unlawfully kept tips owed to Defendants' employees together with an equal, additional amount as liquidated damages pursuant to Section 16(c) of the Act.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from June 19, 2021, through June 18, 2023 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions pertain to the Investigation Period.

Throughout the Investigation Period, the Defendants allowed managers to participate in an employee tip pool, resulting in the unlawful retention of tips that should have been distributed to employees who customarily and regularly receive tips.

## Jurisdiction and Venue

1. Jurisdiction in this action is conferred upon the Court by Sections 16(c) and 217 of the FLSA (29 U.S.C. §§ 216(c), 217) and 28 U.S.C. § 1345.

2. Venue is proper in the United States District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## Defendants

3. St. Paul Fish Company is a Wisconsin limited liability company that operates a full-service restaurant and retail fish counter at 400 N. Water St., Milwaukee, WI 53202, within the jurisdiction of this Court.

4. Defendants Timothy Collins and Mary Beth Collins have actively managed and supervised St. Paul Fish Company's operations and its employees during the Investigation Period. Among other things, Timothy Collins and Mary

Beth Collins have hired and fired employees, set their work schedules, and set their pay rates.

5. Timothy Collins and Mary Beth Collins are St. Paul Fish Company's sole owners. Timothy Collins owns 20% and Mary Beth Collins owns 80%.

6. Timothy Collins and Mary Beth Collins have acted directly or indirectly in Company's interests with respect to its employees and are therefore each "employers" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business within Milwaukee County, within this Court's jurisdiction.

## The FLSA Applies to Defendants

8. St. Paul Fish Company is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

9. St. Paul Fish Company is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

## Defendants' Wage and Hour Practices

10. During the investigative period, the Defendants operated the St. Paul Fish Company by managing it as four discrete parts, all of which were housed at a single location: (1) a restaurant; (2) a bar; (3) an oyster bar; and (4) a pick-

up/seafood counter where customers could get their to-go orders and/or purchase fresh seafood.

11. Defendants compensated employees who worked in the oyster bar and seafood counter through a combination of hourly wages and tips.

12. Employees who worked in the oyster bar and seafood counter of the company participated in a single tip pool. The tip pool was mandatory for all employees who worked in the oyster bar and seafood counter, with the entire amount of each employees' tips—both cash and credit card—being contributed to the tip pool.

13. In addition to the employees who worked in the oyster bar and seafood counter of the company, Defendants also allowed two managers at the company to participate in this tip pool: Arsenio Fernandez ("Manager Fernandez") and Corinne Keuster ("Manager Keuster").

14. Manager Fernandez worked as a manager for St. Paul Fish Company during the entire Investigative Period.

15. Manager Keuster worked as a manager for St. Paul Fish Company during the Investigative Period beginning on November 7, 2022.

16. While working as managers, Manager Fernandez's and Manager Keuster's primary duties were to manage St. Paul Fish Company, including the restaurant, oyster bar, and pick-up/seafood counter. Those duties included hiring, firing, and supervising two or more employees and collecting the pooled tips from the oyster bar and pick-up/seafood counter and including those tips in the tip pool.

17. While working as managers, Manager Fernandez and Manager Keuster received tips from the oyster bar and pick-up/seafood counter tip pool.

## COUNT ONE
## Violations of Section 3(m)(2)(B) of the FLSA – Employers Retaining Tips

18. The Secretary incorporates by reference and re-alleges all the foregoing allegations of this Complaint.

19. From June 19, 2021, through June 18, 2023, Defendants violated Section 3(m)(2)(B) of the FLSA by allowing two managers to participate in the oyster bar and pick-up/seafood counter tip pool. 29 U.S.C. § 203(m)(2)(B). As a result, Defendants unlawfully kept employees' tip contributions for a purpose other than to distribute to employees who customarily and regularly receive tips within the meaning of Section 3(t) of the FLSA. 29 U.S.C. § 203(t). Because Defendants unlawfully kept tips from employees in the oyster bar and pick-up/seafood counter, Defendants violated Section 3(m)(2)(B) of the Act.

20. Specifically, Defendants violated Section 3(m)(2)(B) by including Manager Fernandez and Manager Keuster in the oyster bar and pick-up/seafood counter tip pool and giving portions of 35 employees' tips to Manager Fernandez and/or Manager Keuster while they were working as managers.

21. Therefore, Defendants are liable for the sum of all tips Defendants unlawfully kept from employees listed in the attached Exhibit A, and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

# REQUEST FOR RELIEF

**WHEREFORE**, cause having been shown, Plaintiff respectfully requests this Court enter judgment against Defendants as follows:

A. For an Order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and pursuant to the Court's inherent authority permanently enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

B. For an Order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216, finding Defendants liable for tips unlawfully taken and for liquidated damages equal in amount to the tips taken found due their employees listed in the attached Exhibit A. Back wages, additional tips, and liquidated damages may be owed to certain current and former employees of Defendants presently unknown to Plaintiff for the period covered by this Complaint;

C. For an Order pursuant to Section 17 of the Act, 29 U.S.C. 217, enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of improperly retained tips found to be due Defendants' employees;

D. In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

E. For an Order awarding Plaintiff the costs of this action; and

F. For an Order providing such other legal and equitable relief as may be necessary and appropriate.

Date: January 13, 2026

Respectfully Submitted,

**JONATHAN BERRY**
Solicitor of Labor

U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn Street, Suite 844
Chicago, Illinois 60604
Tel.: 312.353.6793
Email: wilemon.kevin@dol.gov

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Kevin M. Wilemon
**KEVIN M. WILEMON**
Counsel for Wage and Hour
Attorneys for **Lori Chavez DeRemer**,
Secretary of Labor,
United States Department of Labor,
Plaintiff

**EXHIBIT A**

1. C. Alonso Fernandez
2. A. Angulo
3. J. Bechu-Quarles
4. C. Campbell
5. D. Carbajal-Perez
6. C. Clavel
7. M. Collins
8. P. Comiskey
9. Q. Crockwell
10. A. Garber
11. J. Gonzalez
12. E. Held
13. B. Hernandez
14. L. Holterman
15. D. Knopick
16. G. Knopick
17. F. Kosacz-Ruffolo
18. J. Longoria
19. J. Reiman
20. J. Riley
21. H. Rivera
22. S. Russell
23. W. Russell
24. J. Salazar
25. R. Sandoval
26. M. Scott
27. K. Speakman
28. M. Torres
29. C. Urgel
30. J. Vasquez Perianez
31. A. Velasco Soberanis
32. K. Williams